IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHRISTY TAYLOR )
)
v. ) NO. 3:14-0572
)
MARISTONE OF PROVIDENCE, LLC; and )
MARISTONE OF FRANKLIN LLC[1] )

**O R D E R**

On December 21, 2015, the Court held a conference call with all counsel in this case, and at which time all counsel requested, and consented to have the undersigned Magistrate Judge conduct a settlement conference. The parties agreed to conduct the settlement conference on **Wednesday, February 17, 2016.** A pre-settlement conference telephone conference with counsel only is scheduled for **Friday, February 12, 2016, at 1:00 p.m.** to be initiated by Plaintiff's counsel as provided below.

The parties shall submit settlement conference statements no later than **3:00 p.m., on Thursday, February 11, 2016.** The parties shall adhere to the following procedure for submitting their settlement conference statements.

- <u>If she has not already done so, by no later than January 15, 2016, Plaintiff shall forward a settlement demand to Defendants, and by no later than January 27, 2016, Defendants shall forward a settlement offer to Plaintiff.</u> The parties shall continue to engage in settlement discussions, as appropriate, thereafter.

- By no later than *3:00 p.m. on Thursday, February 11, 2016*, Plaintiff and Defendants shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or Mr. Steve Wilson or Mr. Will Woods, law clerks to the undersigned, ex parte, separate settlement conference statements which shall specify their respective settlement positions. The parties may hand deliver their statements to chambers, or, if the statement is no more than 20 pages long, they may fax them to 615-736-7070. If faxed, the Court does not need a hard copy. **No party shall e-file, or e-mail their statement to the Court**.

---

[1] Defendant Aabakus, Inc. was dismissed by Order entered November 10, 2015 (Docket Entry No. 38).

- Counsel for Plaintiff shall initiate a conference call with the Court and the other counsel in this case at **1:00 p.m., Friday, February 12, 2016**, to discuss any matters that the Court and/or the parties may have with regard to the conduct of the settlement conference. Each attorney who plans to participate in the conference call should provide his or her name and contact information to the attorney who is directed to initiate the call.

- Each settlement conference statement is to be furnished only to the Court and not to the other side. <u>The statement(s) shall not be filed with the Clerk of Court, which includes electronic filing, or left in the night depository.</u>

- Each statement shall contain a summary of the facts in the case and the parties' respective views of the law as to the theory of liability or defense. This portion of the statement need not be as detailed as a pretrial brief, but any critical facts or legal authority upon which the party intends to rely should be provided.

- In their respective statements, counsel for Plaintiff and Defendants shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall give a good faith opinion (which can be expressed as a percentage) of each client's probable success on the merits.

- Plaintiff's statement shall contain an assessment from Plaintiff's viewpoint of her damages and the strengths and weaknesses of her position.

- Defendants' statement(s) shall contain an assessment of the Plaintiff's damages, Defendants' exposure to those damages, and the respective strengths and weaknesses of Defendants' position(s).

- Nothing in the way of a jury speech shall be contained in the settlement conference statements.

- Each statement shall contain a statement of the litigation costs to date (including attorney fees) and an assessment of the economic cost of proceeding to trial.

- Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his or her client in a settlement of the case based on counsel's written evaluation and opinion and after a full discussion of the opinion with the client.

- Each statement shall include the maximum amount the Defendants are willing to pay and the minimum amount the Plaintiff is willing to accept,[2] and any other terms on which the client insists.

---

[2] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.

- Each statement shall recount, with specificity, the settlement discussions between the parties to date.

- Any documents upon which the party intends to rely should be provided with the statement. Unless the documents have already been provided in discovery or are subject to a claim of privilege or work product, the documents (but not the accompanying statement) should also be provided to opposing counsel.

- If Defendants intend to (or do) assert that their financial circumstances limit their ability to settle, Defendants shall provide documentation indicating their current financial condition(s).

- Defendants' statement(s) shall include the name(s) and position(s) of each representative of Defendant(s) who will be present at the settlement conference and Defendants' counsel's representation that such representative(s) has full settlement authority as described below.

- A settlement conference in this action shall be held on ***Wednesday, February 17, 2016, at 9:30 a.m.***,[3] in Courtroom No. 764, U.S. Courthouse, 801 Broadway, Nashville.

- The Plaintiff and representative(s) of the Defendants shall be present with **FULL SETTLEMENT AUTHORITY**. The parties are advised that **unless otherwise specifically ordered**, failure to be present with full settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. For the purposes of this case, full settlement authority of Defendants is deemed to be up to the last demand made by Plaintiff. Full settlement authority also means that Plaintiff and the representatives of Defendant present at the settlement conference do not need authority from any other individual to enter into any settlement agreement. Plaintiff and the representatives of Defendant present at the settlement conference shall have total independent authority to enter into **any** settlement agreement.

It is so ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

---

[3] The parties are advised that they should not schedule anything else on this date and to be prepared to spend the entire day in this settlement conference, if necessary.